ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Apr-06 08:49:47
60CV-20-2514
C06D09 : 14 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**TAMEKA TURNER, SPECIAL ADMINISTRATOR
OF THE ESTATE OF BRANDON SYKES**        **PLAINTIFF**

**v.**        **NO. _____**

**SO GOOD TRANSPORTATION LLC and RAYMOND BURROW**        **DEFENDANTS**

### COMPLAINT

#### Introduction

1.      This case arises from a wreck between a tractor-trailer driven by Ray Burrow, who was a principal and an agent or employee of So Good Transportation LLC, and a car driven by Brandon Sykes, on Interstate 30 in Little Rock, Pulaski County, Arkansas, on September 19, 2019, causing the death of Brandon.

#### Parties

2.      Brandon Sykes ("Brandon"), deceased, was a citizen of Arkansas and a resident of Pulaski County, Arkansas, who died on September 19, 2019.

3.      Tameka Turner ("Tameka") was the older sister of Brandon and is the special administrator of the estate of Brandon, having been duly appointed by the Circuit Court of Pulaski County, Arkansas. Attached are an Order Appointing Special Administrator and Letters of Special Administration. Exhibits 1 & 2. Tameka is a resident of Pulaski County, Arkansas. Tameka brings this action on behalf of the estate and the wrongful death beneficiaries of

1

Brandon pursuant to the Arkansas Survival of Actions Statute (Ark. Code Ann. § 16-62-101), the Arkansas Wrongful Death Act (Ark. Code Ann. § 16-62-102), and all other applicable law.

4.    The known wrongful death beneficiaries of Brandon pursuant to Ark. Code Ann. § 16-62-102(d) are: (1) Tameka, adult sister; and (2) Michael Brooks, Jr., adult brother.

5.    Ray Burrow ("Burrow") is a citizen of Tennessee and was a resident of Tennessee at the time of the wreck. This defendant may be served with process at his residence as shown below:

> Ray Burrow
> 2392 Midway Road
> Memphis, TN 38108

6.    So Good Transportation LLC ("So Good") is a corporation organized by Tennessee with its principal place of business in Tennessee. This defendant may be served with process as shown below:

> So Good Transportation LLC
> c/o Ray Burrow
> 2392 Midway Road
> Memphis, TN 38108

## Jurisdiction & Venue

7.    Jurisdiction is proper under Ark. Code Ann. § 16-13-201(a) and the Arkansas Constitution, Amendment 80, § 6(A), each of which state that circuit courts shall have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution. This is a justiciable matter not otherwise assigned pursuant to the Arkansas Constitution.

8.    Venue is proper in Pulaski County under Ark. Code Ann. § 16-60-101(a)(1) because a substantial part of the event or omission giving rise to the cause of action, the wreck, occurred in Pulaski County; and Ark. Code Ann. § 16-60-101(a)(3)(A) because the plaintiff,

2

Tameka, and the plaintiff's decedent, Brandon, resided in Pulaski County at the time of the event or omission giving rise to the cause of action; and Ark. Code Ann. § 16-60-101(e) because when venue is proper as to one defendant, it is also proper as to any other defendant with respect to all causes of action arising out of the same transaction or occurrence.

### Facts

9.    On September 19, 2019, at around 11:34 p.m., Brandon was operating a 2007 Cadillac DTS car westbound on Interstate 30.

10.    Brandon's car left the roadway of Interstate 30, entered a ditch, struck one or more trees, and separated into pieces, as shown below in photographs taken by the Arkansas State Police.







11.     Brandon died at the scene.

12.     At the same time and place, James Borders, a nonparty eyewitness, was operating a car westbound on Interstate 30.

13.     Borders saw Brandon's car leave the roadway of Interstate 30.

14.     Borders stopped at the scene, called 911 to report the crash, and waited until help arrived.

15.     While stopped at the scene in the early morning hours of September 20, 2019, a little over an hour after the crash, Borders' signed the following statement for the Arkansas State Police: "I, James H. Borders observed auto skid from far left lane at high speed into bar ditch and woods.  There may have been a truck that caused it." *See* Exhibit 3.

16.     Representatives of the Pulaski County Coroner's office went to the scene on the night of the crash, pronounced Brandon dead, and wrote the following in an Investigator Narrative:

**Investigator Narrative**

At 0000 hours, I was notified by Arkansas State Police regarding a fatality motor-vehicle crash on Interstate-30 westbound, approximately 1.5 miles east of the 65th Street exit. According to State Troopers, a witness saw the accident and called authorities. I contacted Senior Deputy Coroner Karen Cumming to inform her of this case and responded to the scene. Upon arrival, I was met by Senior Deputy Coroner Cumming, Deputy Coroner Stacy Mahony, and Trooper Cleyton McDonald and other State Troopers. Trooper McDonald advised that a witness saw the decedent driving westbound on I-30 when a semi-truck came over into the decedent's lane of travel, hitting the decedent. The decedent lost control of his vehicle and left the roadway veering off to the northside of the interstate and into a wooded area hitting a tree.

17.     On September 30, 2019, eleven days after the crash, Burrow provided a statement to the Arkansas State Police.

18.     In Burrow's statement to the Arkansas State Police, he admitted that he too was traveling westbound on Interstate 30 in the late evening hours of September 19, 2019.

19.     Burrow admitted to Arkansas State Police that he saw Brandon's car.

20.     Burrow also admitted that he was driving a semi-truck.

21.     The only vehicles present in the late evening hours of September 19, 2019 were Brandon's car, Borders' vehicle, and Burrow's semi-truck.

22.     Burrow's semi-truck is the one referenced by Borders and the Pulaski County Coroner's Office.

23.     Burrow changed lanes with his semi-truck and entered the lane already occupied by Brandon's car.

23.     Burrow caused the trailer of his semi-truck to strike Brandon's car.

24.     Burrow's trailer trapped Brandon's car underneath it, drug the car down Interstate 30, turned the car's direction of travel, and caused the car to exit the roadway of Interstate 30.

25.     Burrow slowed his semi-truck after the collision but did not stop.

26.     Burrow continued traveling westward on Interstate 30.

27.     Burrow caused the trailer of his semi-truck to strike Brandon's car which resulted in Brandon's death. Brandon, pictured below, was 34 when he died.



**Count One: Negligence of Burrow**

28.     All allegations herein are incorporated in this count.

29.     Burrow acted negligently in the following particulars:

    (a)     Entering a lane with his tractor-trailer already occupied by Brandon's car, causing his trailer to strike Brandon's car, and causing Brandon's car to exit Interstate 30 and wreck.

    (b)     Driving or operating a vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas, in violation of Ark. Code Ann. § 27-51-104(a). *See also* AMI 901(A).

    (c)     Making improper or unsafe lane changes on public roadways, in violation of Ark. Code Ann. § 27-51-104(b)(1).

    (d)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6).

    (e)     Operating a vehicle in any manner when the driver is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8).

    (f)     Violating statutes, ordinances, or regulations governing driving, including without limitation those cited herein, applicable the Federal Motor Carrier Safety Regulations, and safety rules and regulations adopted by the Arkansas State Highway Commission. *See* AMI 903.

    (g)     Otherwise failing to act as a reasonably careful person under the circumstances.

30.     Burrow's negligent acts and omissions were a cause of the fatal crash and all damages arising therefrom.

**Count Two: Vicarious Liability of So Good**

31.     All allegations herein are incorporated in this count.

32.     The tractor-trailer driven by Burrow was operating under a U.S. Department of Transportation number assigned to So Good.

33. Burrow acted as an employee or agent of So Good.

34. So Good is therefore vicariously liable for Burrow's negligent acts and omissions.

35. So Good is also vicariously liable for the negligent acts and omissions all other agents or employees of So Good, if any, whose conduct contributed to cause the wreck.

**Count Three: Direct Negligence of So Good**

36. All allegations herein are incorporated in this count.

37. So Good is directly liable for its own negligent acts and omissions and directly liable for the acts and omissions of persons and bodies acting as principals for it.

38. In addition to So Good's duty to use ordinary care, So Good had a duty to be knowledgeable about and comply with all state and federal laws and regulations, including the Federal Motor Carrier Safety Regulations ("FMCSR") governing commercial motor vehicles, and to require Burrow's adherence to those laws and regulations.

39. So Good's negligent acts and omissions include, but are not limited to:

(a) Failing to adequately test and certify Burrow to ensure he was competent to safely operate, control, and brake the So Good tractor and trailer assigned him;

(b) Failing to adequately inquire into Burrow's driving record, safety performance history, and employment record to ensure he was a safe So Good driver;

(c) Failing to adequately or properly train Burrow in the safe operation of the So Good tractor;

(d) Failing to monitor and evaluate Burrow's job performance in the safe operation of the So Good tractor;

(e) Failing to implement and adhere to policies and procedures that would ensure it hired, trained, supervised, retained, and entrusted qualified and competent commercial motor vehicle drivers; and

(f) Otherwise failing to use ordinary care in the hiring, training, supervision, retention, and entrustment of the tractor and trailer to Burrow.

8

40.     The negligent acts and omissions of So Good were actual and proximate causes of the fatal crash and all damages stemming from Brandon's death.

## Damages

41.     The negligent acts and omissions of the defendants and their principles, employees, and agents described herein were actual and proximate causes of Brandon's injuries, his death, and all other damages described herein.

42.     Brandon suffered and Tameka is entitled to recover of behalf of Brandon's estate for these damages:

(1)     Brandon's loss of life;

(2)     the reasonable value of funeral expenses;

(3)     Brandon's conscious pain and suffering prior to his death;

(4)     Brandon's medical expenses attributable to his fatal injuries; and

(5)     all other damages allowed by law.

43.     Brandon's wrongful death beneficiaries – including Tameka; Michael Brooks, Jr.; and any others – suffered and are entitled to recover for mental anguish suffered and reasonably probable to be suffered in the future.

44.     The defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct described herein would naturally and probably result in injury and damage, and they continued such conduct in reckless disregard of the consequences, from which malice may be inferred and for which punitive damages should be imposed to punish the defendants and to deter them and others from similar conduct.

## Jury Trial

45.     The plaintiff requests a jury trial.

9

WHEREFORE, Tameka Turner, Special Administrator of the Estate of Brandon Sykes, deceased, prays for judgment, in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, against the defendants for all damages suffered, punitive damages, costs, interest, attorney fees, and all other just relief.

Respectfully submitted,

/s/ Neil Chamberlin
Neil Chamberlin, AR Bar #93222
neil@mcmathlaw.com
Carter C. Stein, AR Bar #2004049
carter@mcmathlaw.com
McMATH WOODS P.A.
711 West Third Street
Little Rock, AR 72201
Tel. 501-396-5400

*Attorneys for Tameka Turner, Special Administrator
of the Estate of Brandon Sykes, deceased*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Mar-06  08:46:10
60PR-20-470
C06D15 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____ DIVISION

**IN THE MATTER OF THE ESTATE OF**
**BRANDON SYKES, DECEASED**                                  NO._____

### ORDER APPOINTING SPECIAL ADMINISTRATOR

Upon consideration of the Petition for Appointment of Special Administrator, the court finds that Brandon Sykes died intestate on September 19, 2019, this court has jurisdiction, venue properly lies in this county, and Tameka Turner is the proper person and fully qualified by law to serve as Special Administrator of the Estate of Brandon Sykes.

The court orders that special administration of the estate is opened, Tameka Turner is appointed the Special Administrator of the Estate of Brandon Sykes for the purpose of performing all acts necessary to investigate and prosecute if warranted survival and wrongful death claims relating to the injuries and death of Brandon Sykes, letters of special administration shall be issued to Tameka Turner, the Attorney-Client Agreement with McMath Woods attached as Exhibit 1 to the Petition for Special Administrator is approved, and any requirement of bond is waived at least until the estate acquires assets.

_____
Circuit Judge

Prepared by:   Neil Chamberlin, attorney for Tameka Turner

\#
\#

# EXHIBIT 1



Arkansas Judiciary

**Case Title:**     BRANDON SYKES

**Case Number:**   60PR-20-470

**Type:**           ORDER OTHER

So Ordered

Honorable Richard N Moore Jr

Electronically signed by RNMOORE on 2020-03-06 08:46:17    page 2 of 2

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Mar-06  14:54:51
60PR-20-470
C06D15 : 1 Page

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
PROBATE DIVISION

No. 60PR-20-470

IN THE MATTER OF THE ESTATE OF BRANDON SYKES, Deceased

## LETTER OF SPECIAL ADMINISTRATION

TAMEKA TURNER, whose address is 1404 Lost Creek Drive, Jacksonville, Arkansas 72076, having been appointed and qualified as Special Administratrix of the estate of BRANDON SYKES, who died on or about September 19, 2019 is hereby authorized to act as Special Administratrix for and on behalf of the estate and to take possession of the estate's property as authorized by law. Special Administratrix for and on behalf of Bandon Sykes for limited purpose of performing all acts necessary to investigate and prosecute if warranted survival and wrongful death claims relating to the injuries and death of Brandon Sykes.

ISSUED this date: <u>06-MAR-2020</u>

TERRI HOLLINGSWORTH, CIRCUIT CLERK

*Shamkia M. Patrick*

By: Shamkia M. Patrick, Pulaski County Clerk

# EXHIBIT 2



# ARKANSAS STATE POLICE

ASP-81
(Rev. 02/00)

## Accident Supplement Form
## Driver Statement/Witness Statement

*Official use only:* **V-_____ OR W-_|__**

Report #: 6009192889
1134p 1148p

Name: _James H. Border_
First/MI/Last Name

Date: 9/19/19
Month/Day/Year

Time: 1250   ☐ AM  ☐ PM

Address: 662 S.C.R 1150 #111   Pericic Texas   78379
City     State     Zip Code

Phone Number: 361 322.7122
Area Code - Telephone

Age 72   Date of birth 11-30-46
month/day/year

Drivers License #: 07659731   ☐ DL  ☐ CDL   State: TX.

Vehicle Make: 2016   Model: V-W   Vehicle License #: _____   State: TX

Location of Accident: TEXARKANA HWY.

Statement of:  ☐ Driver  ☐ Passenger  ☑ Witness (Check One)   **Are you _INJURED?_** ☐ Yes ☑ No

**Seatbelt use**   Yes____  No____   Name of Insurance Company:_____
Policy number:_____

### *Explain what happened*

I, James H. Border, observed auto shed
upon traffic lane at high speed into
clean auto & woods through may have
been a truck that caused it

CONTINUE ON BACK >

As the *driver* of the vehicle, were any of the following conditions a contributing factor in this accident?

☐ Unconsciousness  ☐ Epileptic Condition

☐ Other nervous disorder or marked mental confusion

☐ Result of any physical disability, disease, disorder or any other medical condition

**Sign Here:** _James H. Border_
Signature (First/MI/Last Name)

_TFC. C. McDonald #192_
Investigating Officer (Rank/First/MI/Last Name/Badge #)

# EXHIBIT 3